## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

**WORCESTER, SS.**

**CENTRAL SECTION**
**CIVIL ACTION NO.:**

2004 JAN 28 P 2: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

**DAVID BENNETT**
  - Plaintiff

vs.

**SAINT-GOBAIN CORPORATION,**
**JOHN R. MESHER, and**
**TIMOTHY L. FEAGANS**
  - Defendants

)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

04 - 40013-

### INTRODUCTION

This is a complaint for age discrimination and retaliation under 29 U.S.C.

623, and M.G.L. c. 151B; aiding and abetting in violation of M.G.L. c. 151B; breach

of contract; breach of implied contract; promissory estoppel; and interference with

contractual relations.  There is diversity jurisdiction for the Defendant Mesher.

### PARTIES

1.    The Plaintiff David Bennett ("Bennett") resides in Westborough,

Massachusetts.

2.    The Defendant Saint-Gobain Corporation ("Saint-Gobain") is a

corporation with a place of business in Worcester, Massachusetts.

3.    The Defendant Timothy L. Feagans ("Feagans") is Deputy General

Counsel of Defendant Saint-Gobain's intellectual property department in Worcester,

Massachusetts.

RECEIPT # 464258
AMOUNT $ 150 -
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. S Jones
DATE 1-28-04

4.     The Defendant John R. Mesher ("Mesher") is Vice President and General Counsel of the Defendant Saint-Gobain, and works at the corporation's place of business in Valley Forge, Pennsylvania.

## STATEMENT OF FACTS

5.     Bennett was hired in 1999 as a senior patent attorney and remained in that position in Saint-Gobain's intellectual property law department until October 31, 2002, when he was terminated.

6.     At the time of his termination, Bennett was 64 years of age and the eldest member of the intellectual property law department.

7.     Bennett reported directly to Feagans, Deputy General Counsel of Saint-Gobain, and ultimately to Mesher, Saint-Gobain's General Counsel.

8.     On June 6, 2001, Bennett and other members of Saint-Gobain's intellectual property law department filed an age discrimination grievance with the company, resulting from various statements by Feagans that he wanted to rid Saint-Gobain of the older members of the company's intellectual property law department.

9.     At all material times, Bennett's written performance evaluations were "5" the highest possible rating.

10.    On September 23, 2002, Mesher had hand delivered to Bennett and all other members of the company's intellectual property law department located in Worcester, a statement that he decided to close that department in Worcester, and to consolidate it with the company's headquarters in Valley Forge, Pennsylvania. The statement further gave the attorneys the choice of relocating to Valley Forge, or accepting an enhanced severance package.  The offer of accepting the enhanced

2

severance package expressly stated that it remained opened for 45 days.  (Exhibit 1 attached.)

11.    In mid October, Bennett told Mesher that he was considering accepting the severance prior to the 45 day expiration.

12.    At approximately 1 p.m. on October 31, 2002, before the expiration of the severance offer and shortly after another attorney had accepted the offer, Feagans invited Bennett into the conference room where Feagans was accompanied by Robert Wilkes of the company's security section and Joe Jackson, an outside consultant.  They accused Bennett of writing poems to a female employee.

13.    They asked Bennett for permission to search his office and desk, to which Bennett agreed.

14.    They told Bennett that the company had retained a handwriting expert who concluded that Bennett had written the poems allegedly delivered to the female employee.

15.    At approximately 4:15 p.m. the same day, Mesher entered the conference room and told Bennett that he was not only summarily dismissed, but that Robert Wilkes of the security section wanted to press criminal charges against Bennett for which he would spend at least two years in jail.

16.    Bennett never was given the opportunity to review any documentation supporting the purported charge, or to refute the charge.

17.    Saint-Gobain gave Bennett no written notice of the reasons for his termination.

18.    The reasons Saint-Gobain gave Bennett for his termination were a pretext, and discrimination was the determinative cause of his termination.

3

19.    Shortly after Bennett's termination, Saint-Gobain hired two male attorneys, one in his late twenties and the other in his early forties, either or both of whom assumed most of Bennett's duties.

20.    In its opposition to Bennett's application for unemployment benefits, Saint-Gobain stated that the reason for termination was not only harassment of a female employee, but stated for the first time two new reasons – gross insubordination and a pattern of rude and unprofessional conduct.

21.    Bennett's termination by Saint-Gobain was discriminatory, a breach of contract, a breach of implied contract and a violation of the tenets of promissory estoppel.

22.    After Bennett's termination, Saint-Gobain allowed another attorney to accept the very same severance package which was denied Bennett.

23.    Feagans and Mesher participated in the discrimination and retaliation, implementing the company's discriminatory practice, and interfered with Bennett's contractual relationship with Saint-Gobain.

24.    Bennett's damages include, but are not limited to, loss of severance package, lost employment, lost wages and benefits, emotional distress, and attorney's fees and costs.

## **COUNT I**

(Age discrimination under 29 U.S.C. 623 against Saint-Gobain.)

This is an action against Saint-Gobain for age discrimination prohibited by 29 U.S.C. 623.

## COUNT II

(Retaliation under 29 U.S.C. 623 against Saint-Gobain.)

This is an action against Saint-Gobain for discriminatory retaliation prohibited by 29 U.S.C. 623.

## COUNT III

(Age discrimination under MGL c. 151B against Saint-Gobain.)

This is an action against Saint-Gobain for age discrimination prohibited by M.G.L. c. 151B.

## COUNT IV

(Retaliation under MG L. c. 151B against Saint-Gobain.)

This is an action against Saint-Gobain for discriminatory retaliation prohibited by M.G.L. c. 151B.

## COUNT V

(Breach of contract against Saint-Gobain)

This is an action against Saint-Gobain for breach of contract.

## COUNT VI

(Breach of implied contract against Saint-Gobain)

This is an action against Saint-Gobain for breach of implied contract.

## COUNT VII

(Promissory estoppel against Saint-Gobain)

This is an action against Saint-Gobain for promissory estoppel.

## COUNT VIII

(Age discrimination under 29 U.S.C. 623 against Feagans.)

This is an action against Feagans for age discrimination prohibited by 29 U.S.C. 623.

## COUNT IX

(Retaliation under 29 U.S.C. 623 against Feagans.)

This is an action against Feagans for discriminatory retaliation prohibited by 29 U.S.C. 623.

## COUNT X

(Aiding and abetting age discrimination under M.G.L. c. 151B against Feagans.)

This is an action against Feagans for aiding and abetting age discrimination prohibited by M.G.L. c. 151B.

## COUNT XI

(Aiding and abetting retaliation under M.G.L. c. 151B against Feagans.)

This is an action against Feagans for aiding and abetting discriminatory retaliation prohibited by M.G.L. c. 151B.

## COUNT XII

(Interference with contractual relations against Feagans.)

This is an action against Feagans for interference with contractual relations.

## COUNT XIII

(Age discrimination under 29 U.S.C. 623 against Mesher.)

This is an action against Mesher for age discrimination prohibited by 29 U.S.C. 623.

## COUNT XIV

(Retaliation under Title VII against Mesher.)

This is an action against Mesher for discriminatory retaliation prohibited by 29 U.S.C. 623.

## COUNT XV

(Aiding and abetting age discrimination under M.G.L. c. 151B against Mesher.)

This is an action against Mesher for aiding and abetting age discrimination prohibited by M.G.L. c. 151B.

## COUNT XVI

(Aiding and abetting retaliation under M.G.L. c. 151B against Mesher.)

This is an action against Mesher for aiding and abetting discriminatory retaliation prohibited by M.G.L. c. 151B.

## COUNT XVII

(Interference with contractual relations against Mesher.)

This is an action against Mesher for interference with contractual relations.

Wherefore, the Plaintiff Bennett demands judgment against the Defendants as follows:

1.    That he be awarded his damages, multiple damages, reasonable attorney's fees and costs, together with interest from October 31, 2002, the date of termination.

2.    For such further relief as this Court deems just.

DAVID BENNETT, by his attorney,


_____
Michael J. Michaeles, Esquire
390 Main Street, Suite 1000
Worcester, MA 01608
Phone:  (508) 791-8181
BBO#: 344880

DATED:  January 28, 2004

8



# SAINT-GOBAIN
# CORPORATION

**John R. Mesher**
Vice President, General Counsel &
Secretary

September 23, 2002

<u>HAND DELIVERED</u>

Mr. David Bennett
Law Department
Saint-Gobain Corporation
One New Bond Street
Worcester, MA   01615

Dear Dave:

As previously explained, I have decided to close the Worcester office of the Law
Department in 2003 and consolidate the Department at the Company's headquarters
in Valley Forge.  As with all exempt employees, you are being offered the opportunity
to relocate to the Valley Forge office under the terms of the Saint-Gobain Corporation
Relocation Policy, a copy of which can be viewed and downloaded from the SGC
intranet site under **"Corporate Human Resources Department -** *Policies and*
*Procedures - Domestic Relocation Policy.*"

In order for me to properly plan for the consolidation of the Department in Valley
Forge, you will need to inform me of your relocation decision by November 15, 2002.
If I do not receive (in writing) your acceptance of the relocation offer by that time, I will
presume that you do not wish to relocate.  If you decide to relocate, I will be flexible on
the timing.  However, I would like the relocation to be completed before June 30, 2003.

If you do not decide to relocate to Valley Forge, your active employment with the
Company will terminate on February 28, 2003, unless you leave voluntarily before that
time.  You will have a choice to make regarding the terms of your severance package.
There are two alternatives being offered, each of which is summarized below.  Under
either alternative, you will remain eligible to receive any bonus payable under the
terms of the 2002 incentive plan, as well as any unused vacation pay.  In addition, you
will be entitled to up to $5,000 of outplacement services.

   **Alternative #1.**  You can elect to take the <u>**enhanced**</u> severance benefits
   provided in the attached Agreement.  Under this alternative, the
   Company will continue to pay your current salary for a period of **26**
   <u>**weeks**</u> from the last day of your active employment.  During this

Saint-Gobain Corporation
750 E. Swedesford Road • Valley Forge, PA 19482 • Tel: (610) 341-7108 • Fax: (610) 341-7087

enhanced severance pay period, you will also be permitted to continue as a participant in certain of the Company's benefits programs as explained in the Agreement.

**Alternative #2.**  If you do not elect the first alternative by signing and returning the Agreement within the time period described below, you will be entitled to receive **normal** severance pay for a period of **13 weeks** from the last day of your active employment.  During this normal severance pay period, you will also be entitled to continue as a participant in the Company's Medical and Dental Plans, as well as the Basic, Group Universal Life, and Accidental Death and Dismemberment Insurance Plans.

Upon the expiration of either severance pay period, you will be offered extended coverage under the Company's health care plans in accordance with the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").  At that time, you will receive a separate notice explaining your rights under COBRA.

If you obtain and accept another position within any part of the Company or its affiliates, you will become ineligible to receive any further severance as of the date of such employment, even if such position is compensated at a lesser rate of pay than the position you are leaving.

Attached are two copies of the Agreement generally described above (one is for your files).  This is a very important document and deserves your careful attention before signing.  By signing the Agreement, you will release the Company from all liability to you with regard to any violations of any statutes or other laws, including those listed in Section 13 of the Agreement, that may have occurred.

This means that by signing the Agreement, YOU WILL LOSE YOUR RIGHT TO SUE THE COMPANY, ITS AFFILIATES OR ANY OF THEIR RESPECTIVE EMPLOYEES OR MANAGERS for any violation of statutes or other laws that may have occurred while you worked for the Company, including any claim that your termination was discriminatory or otherwise unlawful.

Also attached to this Explanatory Letter as <u>Attachment 1</u> is a listing of the job titles and current ages of all employees of the Saint-Gobain Law Department located in Worcester.  All are affected by the decision to close the Worcester office.

The Company advises you to consider consulting an attorney before signing the Agreement.  You have forty-five days from the date of your receipt of this Explanatory Letter to consider the Agreement.  After 5:00 p.m. on the forty-fifth day, the Company's offer under the Agreement will be withdrawn if you have not submitted a signed copy of the Agreement to me.  Should you choose to sign the Agreement before the forty-

five-day period expires, you acknowledge that the decision to shorten the review period is yours alone, and that the Company has not induced you to do so.

If you choose to sign the Agreement, you will have an additional seven days following the date of your signature to change your mind and revoke it. The Agreement, if signed, will become final unless you submit <u>written</u> notice of your intent to revoke the Agreement to me within that mandatory seven-day period.

Please sign, date and return one copy of this Explanatory Letter to me. The second copy is for you to keep. SIGNING THIS EXPLANATORY LETTER DOES NOT MEAN THAT YOU HAVE ACCEPTED THE COMPANY'S SEVERANCE OFFER; RATHER, IT IS MERELY CONFIRMATION FOR OUR RECORDS THAT YOU HAVE BEEN GIVEN THIS EXPLANATORY LETTER AND THE ATTACHMENTS.

Very truly yours,

John R. Mesher
Vice President, General Counsel & Secretary
Saint-Gobain Corporation


Received by:


_____
David Bennett

Date:_____

D. Bennett

David Bennett
September 23, 2002
Page 4

## ATTACHMENT 1

## Job Titles and Ages of All Employees of the Law Department's Worcester Office

Deputy General Counsel - 42

Divisional Counsel - 56

Senior Legal Assistant - 56

General Law Assistant - 49

Senior Intellectual Property Counsel - 64

Senior Intellectual Property Counsel - 60

Intellectual Property Counsel - 33

Intellectual Property Counsel - 48

Intellectual Property Assistant (a/k/a General Assistant) - 56

Intellectual Property Assistant (a/k/a General Assistant - Patent Counsel) - 56

Intellectual Property Assistant (a/k/a General Assistant - Patent Counsel) - 57

D. Bennett

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

04 - 40013

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Bennett, David

## DEFENDANTS

Saint-Gobain Corporation, John R. Mesher, and Timothy L. Feagans

**(b)** County of Residence of First Listed Plaintiff **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Worcester**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Michaeles, Esq.
390 Main Street, Ste. 1000
Worcester, MA 01608
(508) 791-8181

Attorneys (If Known)
Jonathan Kane, Esq.    (610) 640-7800
Pepper Hamilton LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgement<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury Med. Malpractice<br>[ ] 365 Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[X] 442 Employment<br>[ ] 443 Housing/Accommodations<br>[ ] 444 Welfare<br>[ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt.Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609<br>[ ] 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff Bennett brings this complaint for age discrimination and retaliation under 29 U.S.C. 623 against the Defendants Saint-Gobain, Mesher & Feagans.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
January 28, 2004

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 - 40013**

1. Title of case (name of first party on each side only) _David Bennett v. Saint-Gobain Corporation, John R. Mesher & Timothy L. Feagans_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [ ]   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   [ ]   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   [ ]   V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _None_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES [ ]      NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                                    YES [ ]      NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES [ ]      NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES [ ]      NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES [ ]      NO [X]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [X]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                                    YES [ ]      NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  _Michael J. Michaeles, Esq._

ADDRESS  _390 Main Street, Ste. 1000, Worcester, MA 01608_

TELEPHONE NO.  _(508) 791-8181_

(Coversheetlocal.wpd - 10/17/02)