UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
MAY 27 P 12: 14
U.S. DISTRICT COURT
DISTRICT OF MASS.

**WORCESTER, SS.**                     CENTRAL SECTION
                                       **CIVIL ACTION NO.: 04-40014-NMG**

| | |
|---|---|
| **DAVID BENNETT**<br>- Plaintiff | )<br>)<br>) |
| vs. | )   **PLAINTIFF'S MOTION TO**<br>)   **AMEND COMPLAINT** |
| **SAINT-GOBAIN CORPORATION,**<br>**JOHN R. MESHER, and**<br>**TIMOTHY L. FEAGANS**<br>- Defendants | )<br>)<br>)<br>)<br>) |

The Plaintiff David Bennett moves to amend his complaint by adding paragraphs as follows:

"25. On or about March 10, 2003 the Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination and EEOC against Saint-Gobain Corporation, John R. Mesher and Tim L. Feagans. The EEOC # was 16CA301318.

26. On or about August 3, 2003, the Plaintiff requested and was granted a private right of action to file a civil action under M.G.L. c. 151B, § 9, Title VIII of the 1968 Civil Rights Act and other federal statutes.

27. At all times from the filing of the Charge of Discrimination with the MCAD and EEOC, the Defendants' law firm, Pepper Hamilton, LLP, who represents the Defendants in this action, represented all of the respondents in the prior administrative filing.

28. The Plaintiff Bennett has exhausted his administrative remedies which were a prerequisite to his filing suit in this Court on or about January 28, 2004."

In support of his motion, the Plaintiff Bennett states as follows:

1

A. The Plaintiff Bennett filed his complaint with this Court on or about January 28, 2004. In exchange for its agreement to accept service for all the Defendants, the Plaintiff Bennett agreed to an extensive extension of time within which the Defendants could respond to the complaint.

B. On or about May 14, 2004 the Defendants filed a motion to dismiss various counts of the complaint alleging age discrimination and M.G.L. c. 151B violations because the Plaintiff Bennett has not plead that he has exhausted his administrative remedies.

C. Although Federal Courts only require notice pleadings, and there is no requirement that the Plaintiff Bennett plead he has exhausted his administrative remedies, he now files this motion to cure any defect perceived by the Defendants.

D. The Defendants were well aware of Plaintiff's having complied with all requirements of exhausting his administrative remedies prior to bringing suit, because at all times the Defendants' law firm which represents them in this action represented them in defense of the administrative filing.

For the above reasons, the Plaintiff Bennett requests that his motion to amend be allowed.

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail.

Dated: 5/26/04

Michael J. Michaeles

DAVID BENNETT, by his attorney,

Michael J. Michaeles, Esquire
390 Main Street, Suite 1000
Worcester, MA 01608
Phone: (508) 791-8181
BBO#: 344880

DATED: May 26, 2004

2