UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID BENNETT,

      Plaintiff,

v.

SAINT-GOBAIN CORPORATION,
JOHN R. MESHER, AND TIMOTHY L.
FEAGANS,

      Defendants.

CIVIL ACTION

NO. 04-CV-40014-NMG

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

    Defendants Saint-Gobain Corporation, John R. Mesher and Timothy L. Feagans (collectively "Defendants"), through their undersigned counsel, submit this Memorandum of Law in support of their limited opposition to Plaintiff's Motion to Amend his Complaint.

**I.    INTRODUCTION**

    This employment discrimination action was instituted with the Plaintiff's filing of a seventeen count Complaint. Defendants filed a Motion to Dismiss that Complaint on May 14, 2004. Plaintiff responded in two ways to Defendants' Motion to Dismiss. First, he filed a responsive brief in opposition to that motion. On this date, Defendants are filing a Motion for Leave to file a reply memorandum in further support of their Motion to Dismiss. Second, Plaintiff filed the instant Motion to Amend his Complaint to add allegations that he exhausted his administrative remedies, as required by the Age Discrimination in Employment Act ("ADEA") and Massachusetts General Laws Chapter 151B ("Chapter 151B"). See 29 U.S.C. § 626(d) and MASS. GEN. LAWS ch. 151B § 5. The omission of such allegations was one of the bases of

Defendants' Motion.  See Memorandum of Law in support of Defendants' Motion to Dismiss, at pp. 4-5.

Defendants do not oppose Plaintiff's Motion to Amend the Complaint to add new paragraphs 25, 26 and 28.  Defendants do object, however, to the addition of Plaintiff's proposed paragraph 27, which states:

> At all times from the filing of the Charge of Discrimination with the MCAD and EEOC, the Defendants' law firm, Pepper Hamilton, LLP, who represents the Defendants in this action, represented all of the respondents in the prior administrative filing.

Those allegations are irrelevant and impertinent to the present proceeding.

## II.  ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with leave of the court and that leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  The court, however, maintains broad discretion in deciding whether or not to grant such leave.  Finnern v. Sunday River Skiway Corp., 984 F.2d 530, 536 (1st Cir. 1993).  Indeed, the court "need not grant every request to amend, come what may."  Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 29 (1st Cir. 1990).  "Where an amendment would be futile or would serve no legitimate purpose," the district court should deny the proposed amendment.  Id.  In both Finnern and Correa-Martinez, the First Circuit affirmed the lower court decisions not to allow the proposed amendment.

The holding in Correa-Martinez is especially pertinent to the situation here.  There, the First Circuit ruled that nothing in the proposed amendment would have "repaired the holes in Correa's case."  903 F.2d at 59.  While proposed paragraphs 25, 26 and 28 do contain the necessary allegations to establish that Plaintiff met the procedural prerequisite to suit, proposed paragraph 27 does not.  It does not "repair" any "hole" in Plaintiff's case.

In addition, Federal Rule of Civil Procedure 12(f) gives the court considerable discretion to strike any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). In <u>Alvarado-Morales v. Digital Equipment Corp.</u>, 843 F.2d 613, 618 (1st Cir. 1988), the First Circuit affirmed the district court's decision to strike the plaintiff's proposed amendments because the allegations impugned the character of defendants. The First Circuit agreed that the proposed allegations "[we]re superfluous descriptions and not substantive elements of the cause of action. As such, they ha[d] no place in pleadings before the court." Here, Plaintiff's proposed paragraph 27 seeks to add an allegation regarding Defendants' attorneys, which allegation is irrelevant and impertinent to the present proceeding. Because the allegation does not support any substantive element of any cause of action alleged by Plaintiff, it has no place in the pleadings before this Court. As approved in <u>Alvarado-Morales</u>, Plaintiff's request to amend the Complaint to add proposed paragraph 27 should be denied.

### III.  CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that this Court grant Plaintiff's Motion to Amend to add propose paragraphs 25, 26 and 28 but deny Plaintiff's Motion to add proposed paragraph 27.

Respectfully submitted,

SAINT-GOBAIN CORPORATION, JOHN R. MESHER, and TIMOTHY L. FEAGANS,
By their attorneys,

Of Counsel:

Hope A. Comisky
Amy G. McAndrew
PEPPER HAMILTON, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103

Dated: June 11, 2004

/s/ Jill L. Brenner
James B. Conroy (BBO# 096315)
Jill L. Brenner (BBO# 652501)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street
33rd Floor Boston
Massachusetts 02108
617-720-2880