UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID BENNETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.  04-CV-40014-FDS |
| SAINT-GOBAIN CORPORATION, | : | |
| JOHN R. MESHER, AND TIMOTHY L. | : | |
| FEAGANS, | : | |
| | : | |
| Defendants. | | |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S  MOTION TO STRIKE DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF

Defendants, Saint-Gobain Corporation, John R. Mesher and Timothy L. Feagans (collectively "Defendants"), through their undersigned counsel, submit this Memorandum of Law in support of their opposition to Plaintiff's Motion to Strike Defendants' Motion for Leave to File a Reply Brief ("Motion to Strike").

## I.    INTRODUCTION

After learning that Defendants' Motion for Leave to File a Reply Brief ("Motion for Leave") had been granted, Plaintiff filed the present Motion to Strike, alleging that he had not received notice that Defendants had filed a Motion for Leave.  In addition to being factually and legally incorrect, Plaintiff's arguments are irrelevant to whether Defendants should be permitted to file a reply brief, and Defendants respectfully request that this Court deny his Motion to Strike.

## II.    BACKGROUND

This employment discrimination action was instituted with the Plaintiff's filing of a seventeen count Complaint.  When Michael J. Michaeles, counsel for Plaintiff, asked that

counsel for Defendants accept service of the Complaint, Defendants agreed to execute waivers of service pursuant to Federal Rule of Civil Procedure 4(d). Copies of Mr. Michaeles' January 28, 2004 and March 15, 2004 letters to Pepper Hamilton LLP regarding acceptance of service are attached as Exhibit A. A copy of Defendants' counsel's March 17, 2004 letter to Mr. Michaeles enclosing signed waivers of service is attached as Exhibit B. Within the time period contemplated by the waivers of service, on May 14, 2004, Defendants filed a Motion to Dismiss the Complaint. Mr. Michaeles initially requested a two month extension of time to respond to the Motion to Dismiss. Before counsel for Defendants had given Mr. Michaeles a definitive response to his request for an extension, however, Plaintiff timely filed a brief in opposition to the Motion to Dismiss.

As a reply brief was necessary to address certain legal and factual issues raised in Plaintiff's brief in opposition to Defendants' Motion to Dismiss, Defendants sought to file a reply brief. In accordance with Local Rule 7.1(A)(2), on Thursday, June 10, 2004, Jill Brenner, local counsel for Defendants, left a voicemail message for Mr. Michaeles, asking if he would assent to Defendants' Motion for Leave to File. See Affidavit of Jill L. Brenner ("Brenner Aff."), submitted herewith, at ¶6. On Friday, June 11, 2004, when Ms. Brenner had not heard from Mr. Michaeles, she again telephoned Mr. Michaeles to inquire as to whether he would assent to the Motion for Leave. Brenner Aff. at ¶6. Although Mr. Michaeles stated during that telephone conversation that he would not assent to the Motion for Leave, Ms. Brenner told Mr. Michaeles that Defendants intended to file it. Id. Indeed, Mr. Michaeles' June 11, 2004 letter to Ms. Brenner (attached to Plaintiff's Motion to Strike) acknowledges counsels' discussion regarding Ms. Brenner's intention to file the Motion for Leave.

On June 11, 2004, Ms. Brenner electronically filed with the Court Defendants'
Motion for Leave and Defendants' Memorandum of Law in Support of their Limited Opposition
to Plaintiff's Motion to Amend. Id., at ¶7. Also, on June 11, 2004, Ms. Brenner forwarded the
following documents to the Court for filing via UPS overnight delivery: Defendants' Assented to
Motion for Admission Pro Hac Vice of Amy McAndrew; and Defendants' Assented to Motion
for Admission Pro Hac Vice of Hope Comisky. Id., at ¶8. Ms. Brenner did not file the pro hac
vice motions electronically because the filing package included the fee required for submitting
pro hac vice motions. Id.

Mr. Michaeles' name was not identified as an electronic recipient on the Notice of
Electronic Filing that Ms. Brenner received after filing the Motion for Leave electronically. Id.,
at ¶9. On June 11, 2004, Ms. Brenner copied Mr. Michaeles with her June 11, 2004 transmittal
letter to the Court and forwarded with it to him, via UPS overnight delivery, copies of the pro
hac vice motions. Id., at ¶9 and Ex. 1 thereto. Ms. Brenner believes that, consistent with her
regular practice, and in accordance with the CM/ECF Administrative Procedures, she forwarded
to Mr. Michaeles in that same package copies of the following electronically-filed documents:
Motion for Leave, along with the electronic filing transmission sheet; and Defendants'
Memorandum of Law in Support of their Limited Opposition to Plaintiff's Motion to Amend,
along with the electronic filing transmission sheet. Id., at ¶¶9, 12. Mr. Michaeles' office
received and signed for the June 11, 2004 package on June 14, 2004. Id., at Ex. 2.

On July 1, 2004, Ms. Brenner received by mail a copy of Plaintiff's Motion to
Strike. Id., at ¶10. Mr. Michaeles had filed that motion without first telling Ms. Brenner that he
had not received the Motion for Leave and without conferring with her in an effort to resolve or
narrow the issues raised in the motion, as Local Rule 7.1(A)(2) requires. Id. Upon reading Mr.

Michaeles' motion, Ms. Brenner immediately tried to reach him by telephone and left him a voicemail message informing him that she believed she had mailed him a copy of the Motion for Leave and would send him another copy. Id., at ¶11. Later that day, Ms. Brenner repeated that statement in a letter that she sent to Mr. Michaeles by fax and by next business day delivery via UPS and enclosed another copy of the Motion for Leave and another copy of the Limited Opposition. A copy of that letter is attached to Ms. Brenner's Affidavit as Exhibit 3.

**III.    ARGUMENT**

A. Plaintiff's Motion to Strike Should be Denied.

Even if Mr. Michaeles did not see a copy of the Motion for Leave when it was filed, either because he overlooked it among the other documents in the package that Ms. Brenner sent to him on June 11, 2004, or because it was unintentionally omitted, Ms. Brenner fully intended to serve it on him (id., at ¶12), he knew it was coming before it was sent, he certainly has it now, and his failure to see it earlier does not affect its merits or his ability to argue against it now.

Despite Plaintiff's argument to the contrary, the Electronic Case Filing Administrative Procedures specifically provide that it was not necessary for Ms. Brenner to include a certificate of service with her filing of the Motion for Leave. In pertinent part, the Electronic Case Filing Administrative Procedures provide as follows:

> Transmission of the NEF [Notice of Electronic Filing] shall
> constitute service of the filed document and shall be deemed to
> satisfy the requirements of Fed.R.Civ.P.5(b)(2)(D),
> Fed.R.Civ.P.77(d) and Fed.R.Crim.P.49(b). **A certificate of
> service is not necessary on electronically filed documents.** The
> attorney filing the document electronically is responsible for
> serving a paper copy of the document by mail in accordance with
> Fed.R.Civ.P.5(b) to those attorneys or pro se litigants who have not
> been identified on the NEF as electronic recipients.

See CM/ECF Administrative Procedures, Section E(2) (emphasis supplied). Contrary to Plaintiff's statement, Defendants were not required to include a certificate of service on its Motion for Leave, and therefore filed the Motion for Leave in accordance with the applicable rules of civil procedure and the CM/ECF Administrative Procedures.

Plaintiff's other arguments are similarly meritless and irrelevant to the issue of whether Defendants should be permitted to file a reply brief. Contrary to Plaintiff's assertion, Defendants did not take "far more time than the agreed extension in which to file a response to the complaint." See Plaintiff's Motion at 2. To the contrary, Mr. Michaeles specifically asked that counsel for Defendants accept service of the Complaint, in response to which request Defendants executed waivers of service pursuant to Federal Rule of Civil Procedure 4(d). See Exhibits A and B. Defendants filed their Motion to Dismiss within the time period provided by the waivers of service.

In addition, Plaintiff falsely asserts that "Defendants would not agree to an extension of Bennett's opposition to the Defendants' Motion to Dismiss requested because of the Plaintiff's attorney's trial schedule." See Plaintiff's Motion at 2. Mr. Michaeles initially requested a two month extension of time to respond to the Motion to Dismiss. Before counsel for Defendants had given Mr. Michaeles a definitive response to his request, however, Plaintiff timely filed a responsive brief in opposition to the Motion to Dismiss, thereby obviating the need for an extension.

Stripped to its essence, Plaintiff's argument is that the Court's granting of the Motion for Leave was procedurally unfair because he did not have an opportunity to respond to the Motion for Leave at the time it was filed. Significantly, he has not shown that he was prejudiced in any way by the Court's action. Indeed, there is no prejudice because, when the

Court granted Defendants' Motion for Leave, the Court was aware that the Motion was contested, due to Ms. Brenner's Local Rule 7.1(A)(2) certification. Likewise, Plaintiff has not raised a single substantive argument in support of his Motion to Strike. As Defendants argued in their Motion for Leave, a reply brief would be helpful to the Court in its determination of the legal and factual issues raised by Plaintiff in his brief in opposition to Defendants' Motion to Dismiss. This Court properly exercised its discretion in granting Defendants leave to file a reply brief. Plaintiff's Motion to Strike therefore should be denied.

    B.  <u>Plaintiff's Request for Sanctions Should be Denied.</u>

        It is ironic that, while seeking reimbursement "for the cost of filing this motion and any other response to a reply brief," Plaintiff has twice wasted the Court's and Defendants' time and resources during this action's limited duration by failing to abide by Local Rule 7.1(A)(2), which states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Plaintiff's counsel did not follow Local Rule 7.1(A)(2) when he filed Plaintiff's Motion to Amend his Complaint,[1] nor did he follow the local rule before he filed the present Motion. Indeed, neither Motion contains a Local Rule 7.1(A)(2) certification. For all of the foregoing reasons, Plaintiff's request for sanctions is baseless.

---

[1] As the substance of Defendants' Limited Opposition to Plaintiff's Motion to Amend shows, if Plaintiff had complied with Local Rule 7.1(A)(2) and contacted Defendants' counsel prior to filing his Motion to Amend, he would have saved the Court, Defendants and himself time and money because Defendants had only a limited opposition to the Motion, and certain issues could have been narrowed or resolved prior to filing that Motion.

## IV.    **CONCLUSION**

Defendants respectfully request that this Court deny Plaintiff's Motion to Strike

Defendants' Motion for Leave to File a Reply Brief.

SAINT-GOBAIN CORPORATION, JOHN R.
MESHER, and TIMOTHY L. FEAGANS,
By their attorneys,

Hope A. Comisky
Amy G. McAndrew
PEPPER HAMILTON, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
*Admitted Pro Hac Vice*

James B. Conroy (BBO# 096315)
Jill L. Brenner (BBO# 652501)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street
33rd Floor Boston
Massachusetts 02108
617-720-2880

Dated: July 13, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of
the above document was served upon the
attorney of record for each party by mail/by hand
fax on 7/13/04 and UPS delivery on 7/15/04

Date: 7/13/04