UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID BENNETT, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 04-CV-40014-FDS |
| SAINT-GOBAIN CORPORATION, : | |
| JOHN R. MESHER, AND TIMOTHY L. : | |
| FEAGANS, : | |
| : | |
| Defendants. | |

## AFFIDAVIT OF JILL L. BRENNER

I, Jill L. Brenner, make the following Affidavit, under oath, in support of Defendants' Opposition to Plaintiff's Motion to Strike Defendants' Motion for Leave to File a Reply Brief:

1. I am an attorney with the law firm of Donnelly, Conroy & Gelhaar, LLP.

2. I am local counsel for Defendants Saint-Gobain Corporation, John R. Mesher and Timothy L. Feagans in the above-referenced matter.

3. I make this Affidavit based upon personal knowledge.

4. I have made many electronic filings. My regular practice is to serve by mail copies of any electronic filings on individuals who do not receive electronic notification of such filings, as required by the Electronic Case Filing Administrative Procedures. The Electronic Case Filing Administrative Procedures do not require counsel to include a certificate of service with any filing.

5. Defendants filed a Motion to Dismiss in this matter on May 14, 2004. As a reply brief was necessary to address certain legal and factual issues raised in Plaintiff's brief in opposition to Defendants' Motion to Dismiss, Defendants sought to file a Reply Brief.

6. In accordance with Local Rule 7.1(A)(2), on Thursday, June 10, 2004, I left a voicemail message for Michael J. Michaeles, counsel for Plaintiff, asking if he would assent to Defendants' Motion for Leave to File a Reply Brief ("Motion for Leave"). On Friday, June 11, 2004, when I had not heard from Mr. Michaeles, I again telephoned Mr. Michaeles to inquire as to whether he would assent to the Motion for Leave. During that telephone conversation, Mr. Michaeles said that he would not assent to the Motion for Leave. Despite that, I told Mr. Michaeles that Defendants intended to file the Motion for Leave.

7. On June 11, 2004, I electronically filed the following documents with the Court in the above-referenced matter: Defendants' Motion for Leave; and Defendants' Memorandum of Law in Support of their Limited Opposition to Plaintiff's Motion to Amend.

8. On June 11, 2004, I also forwarded the following documents to the Court for filing via UPS overnight delivery: Defendants' Assented to Motion for Admission Pro Hac Vice of Amy McAndrew; and Defendants' Assented to Motion for Admission Pro Hac Vice of Hope Comisky. A copy of the June 11, 2004 transmittal letter to the Court that accompanied that filing is attached hereto as Exhibit 1. I did not file the pro hac vice motions electronically because the filing package included the fee required for submitting pro hac vice motions.

9. Also on June 11, 2004, I copied Mr. Michaeles with my June 11, 2004 transmittal letter to the Court and forwarded with it to him, by the same UPS overnight delivery, copies of the pro hac vice motions. See Exhibit 1. Since Mr. Michaeles' name was not identified as an electronic recipient on the Notice of Electronic Filing that I received after filing

the Motion for Leave electronically, in the same package sent on June 11, 2004, I believe that, consistent with my regular practice, and in accordance with the CM/ECF Administrative Procedures, I forwarded to Mr. Michaeles copies of the following electronically-filed documents: the Motion for Leave, along with its electronic filing transmission sheet; and Defendants' Memorandum of Law in Support of their Limited Opposition to Plaintiff's Motion to Amend ("Limited Opposition"), along with its electronic filing transmission sheet. A copy of the UPS signature sheet, showing Mr. Michaeles' office's receipt of the June 11, 2004 package on June 14, 2004, is attached hereto as Exhibit 2.

10. On July 1, 2004, I received by mail a copy of Plaintiff's Motion to Strike. Mr. Michaeles had filed that motion without first telling me that he had not received the Motion for Leave and without conferring with me in an effort to resolve or narrow the issues raised in his motion, as Local Rule 7.1(A)(2) requires.

11. Also on July 1, 2004, after I read his motion, I tried to reach Mr. Michaeles by telephone and left him a voicemail message stating that I believed I had mailed him a copy of the Motion for Leave and would send him another copy. Later that day, I repeated that statement in a letter that I sent to him by fax and by next business day delivery via UPS and enclosed another copy of the Motion for Leave and another copy of the Limited Opposition. A copy of that letter is attached hereto as Exhibit 3.

12. I believe, consistent with my unvarying practice, that I had already sent Mr. Michaeles copies of both of those documents in the package that I mailed to him on June 11, 2004. If he did not find them there, he either overlooked their presence among the other documents contained in that package or they were inadvertently omitted. In any event, I fully intended to serve him.

Signed and attested to, subject to the penalties of perjury, this 13th day of July, 2004.

                                                        _____
                                                        Jill L. Brenner

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand/fax on 7/13/04 and UPS delivery on 7/15/04

Date: 7/13/04 _____