UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID BENNETT,

   Plaintiff,

v.

SAINT-GOBAIN CORPORATION,
JOHN R. MESHER, AND TIMOTHY L.
FEAGANS,

   Defendants.

:
:
:
:
:  CIVIL ACTION
:
:  NO. 04-CV-40014-FDS
:
:
:
:
:
:

**NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO DEFENDANTS'
MOTION TO DISMISS CERTAIN COUNTS OF PLAINTIFF'S COMPLAINT**

  Defendants Saint-Gobain Corporation, John R. Mesher and Timothy L. Feagans (collectively "Defendants"), through their undersigned counsel, hereby provide notice of supplemental authority pertinent to Defendants' pending Motion to Dismiss Certain Counts of Plaintiff's Complaint ("Motion to Dismiss").

  On September 1, 2004, the Supreme Judicial Court of Massachusetts decided a case which is very persuasive authority under federal law and controlling authority under state law supporting Defendants' argument that Plaintiff's retaliation claims should be dismissed. In Mole v. University of Massachusetts, 442 Mass. 582, 814 N.E.2d 329 (2004),[1] the Massachusetts Supreme Court affirmed the entry of a directed verdict in favor of the defendants on the plaintiff's retaliation claim. Id. at 583, 814 N.E.2d at 333. In reaching its decision, the Mole Court confirmed that, under federal law and under Massachusetts General Laws Chapter 151B ("Chapter 151B"), a plaintiff who relies solely on temporal proximity to establish a prima facie

---

[1] For the Court's convenience, a copy of the Mole decision is attached hereto as Exhibit A.

claim of retaliation must demonstrate that the proximity between the protected activity and the adverse employment action is "very close." Id. at 595, 814 N.E.2d at 341 (quoting Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)). The Mole Court cited with approval the Sixth Circuit Court of Appeals decision in Cooper v. North Olmsted, 795 F.2d 1265, 1272 (6th Cir. 1986), holding that causation was not shown and a prima facie case therefore was not established where the plaintiff was terminated four months after she filed a charge of discrimination.

Here, the Plaintiff was terminated 17 months after he made his internal complaint of age discrimination. If four months is insufficient to establish causation as discussed in Mole and Cooper, surely 17 months is much too remote to support an inference of causation. Thus, the analysis in Mole further supports Defendants' arguments that Counts II, IV, IX, XI, XIV and XVI of Plaintiff's Complaint, alleging retaliation under federal and state law, should be dismissed.

Respectfully submitted,

SAINT-GOBAIN CORPORATION, JOHN R. MESHER, and TIMOTHY L. FEAGANS,
By their attorneys,

*/s/ Jill Brenner*

James B. Conroy (BBO# 096315)
Jill L. Brenner (BBO# 652501)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street
33rd Floor
Boston, Massachusetts 02108
617-720-2880

Hope A. Comisky
Amy G. McAndrew
PEPPER HAMILTON, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
*Admitted Pro Hac Vice*

Dated: October 27, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand and by fax

Date: 10/27/04  */s/ JLB*