UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS. | CENTRAL SECTION |
| | CIVIL ACTION NO.:  04-40014-FDS |

| | | |
|---|---|---|
| DAVID BENNETT | ) | |
|  - Plaintiff | ) | PLAINTIFF'S REPLY |
| | ) | MEMORANDUM TO "NOTICE |
| vs. | ) | OF SUPPLEMENTAL |
| | ) | AUTHORITY RELEVANT TO |
| SAINT-GOBAIN CORPORATION, | ) | DEFENDANTS' MOTION TO |
| JOHN R. MESHER, and | ) | DISMISS CERTAIN COUNTS |
| TIMOTHY L. FEAGANS | ) | OF PLAINTIFF'S |
|  - Defendants | ) | COMPLAINT" |

Defendants have filed supplemental authority regarding their motion to dismiss Plaintiff's claim for retaliating termination.  The sole authority cited is <u>Mole</u> v. <u>University of Massachusetts</u>, 442 Mass. 382 (2004), cited for the proposition that a plaintiff who solely relies on temporal proximity on a retaliation claim, must demonstrate that proximity between the protected activity and the adverse action is "very close".

The facts in <u>Mole</u> are distinguishable.  In <u>Mole</u>, both the plaintiff and his wife were professors at UMMC.  Mole's wife, not Mole, filed an informal complaint alleging sexually offensive remarks.  Nine years later Mole was terminated, alleging that the termination was causally related to his wife's complaint filed nine years previously.  In affirming the allowance of defendant's motion for directed verdict at trial, the Supreme Judicial Court emphasized that Mole's poor performance evaluations began prior to his

1

wife's charge (p. 593), the employment action against Mole predated any knowledge that his wife had engaged in a protected activity (p. 594), his salary reductions were three and fours years after his wife's complaint (p. 595), and his termination occurred nine years after his wife's complaint (p. 595). There was no evidence that any senior managers harbored any bias against older workers (p. 599).

In this case, Bennett and others filed a grievance because their supervisor announced that he wanted to rid the law department of older lawyers, and less than 18 months later, he did exactly that. Bennett was the oldest member of the department.

Mole cites Chungchi Che v. Massachusetts Bay Transp. Auth., 342 F.3rd 31, 38 (1st Cir. 2003) holding that despite passage of eleven months between filing of claim and plaintiff's demotion, "evidence of discriminatory or disparate treatment in the time period between the protected activity and the adverse employment action can be sufficient to show a causal connection"; and Robinson v. South Eastern PA. Transp. Auth., 982 F.2nd 892, 895 (3rd Cir. 1993), holding that an "ongoing pattern of antagonism was sufficient to establish a causal link between employee's filing of grievance and discharge two years later was sufficiently close in time." (Mole, p. 596). The Supreme Judicial Court further stated that "a series of retaliatory measures starting shortly after the protected activity can justify

the inference that a particular action in that series, although occurring a considerable time later, is still motivated by retaliation. (<u>Mole</u>, p. 596).

Mole's contention was that the causal relationship between his wife's complaint for inappropriate sexual comments, was causally related to his termination nine years later. There was no substantive nexus between his wife's complaint and his termination, particularly in light of the fact that he had inferior performance evaluations from a time period prior to his wife's complaint.

On the other hand, the protected activity in Bennett was a grievance filed on the basis of his supervisor stating that he wanted to get rid of the older members of the department. Less than a year and a half later, the supervisor did just that. Bennett does not turn on the temporal relationship between the protected activity and the wrongful termination, but that the protected activity consisted of a threat to rid older employees, and that the company then engaged in a pattern of eliminating older employees.

On June 6, 2001, Bennett and other members of the Saint-Gobain intellectual property law department filed an age discrimination grievance against their supervisor, on the grounds that the supervisor stated that he "wanted to rid Saint-Gobain of older members of the company's intellectual property law department." (Complaint, ¶ 8).

Unlike Mole who had poor performance evaluations prior to his wife's complaint, Bennett at all materials times had the highest performance evaluations possible, a "5". (Complaint, ¶ 9).

On September 23, 2002, the Defendant offered members of the company's intellectual property law department the option of relocating to Valley Forge, Pennsylvania or accepting an enhanced severance package. (Complaint, ¶ 10). In mid October, 2002, Bennett told the Defendants he was considering accepting the severance package prior to the forty-five day expiration period in the severance package. (Complaint, ¶ 11).

On October 31, 2002, before the stated expiration of the severance offer, Bennett was summarily terminated for allegedly writing poems to a female employee. Bennett was told that the company had retained a handwriting expert who concluded that Bennett had written the poems allegedly delivered to the female employee, and was told that security wanted to press criminal charges against Bennett for which he could spend at least two years in jail. (Complaint, ¶'s 14 and 15).

Bennett was never given the opportunity to review any documentation supporting the charge or to refute the charge. (Complaint, ¶ 16).

Another attorney in the intellectual property law department was allowed to accept the severance package denied Bennett. (Complaint, ¶ 22).

Bennett was replaced by two male employees, both under the age of forty. Unlike Mole, the basis of the retaliatory action was not the filing of a spouses grievance, but a statement by the intellectual property law department's supervisor stating that "he wanted to rid Saint-Gobain of all older members" of the department, rather than Mole's poor performance reviews, Bennett's performance reviews were the highest possible, and the severance package was pulled from under Bennett prior to the forty-five day expiration, while another in the department was allowed to accept the severance package, the temporal relationship is closer to that of Chungchi Che, *supra*, where there was a sufficient temporal relationship between the evidence of discriminatory or disparate treatment between the protected activity and the adverse employment action to show a causal connection.

Mole alleged that his termination for poor performance was related to a grievance by his wife for sexually offensive remarks, made nine years earlier. Clearly there is no nexus in that situation.

In this case, Bennett's supervisor announced that he wanted to rid the law department of older employees. Approximately a year later, the company carried through with its threat and terminated Bennett for allegedly writing poems to a female employee, notwithstanding Bennett's receiving the highest performance evaluations possible. Bennett was summarily discharged without giving the opportunity to refute the company's alleged handwriting expert's opinion.

5

The Mole case is clearly distinguishable on its facts, and not applicable to this action.

This action is based on Bennett's supervisor threatening to rid the department of older employees, and Bennett, being the oldest in the department, being summarily discharged after filing an age grievance some seventeen months previously.

Unlike Mole, there is not only a close temporal relationship between Bennett's grievance and retaliatory claim, but also a topical proximity.  The company threatened to rid older members, and got rid of the oldest member of the law department, replacing him with two employees under the age of forty.

Conclusion.

A Rule 12 dismissal can only be granted if viewing all plaintiff's allegations and inferences broadly and in plaintiff's favor, it appears beyond doubt that plaintiff can prove no set of facts in support of the claim entitling the plaintiff to relief.  Ritchie v. Department of State Police, 60 Mass.App.Ct. 655, 659 (2004).  In Ritchie, the Appeals Court overturned the allowance of a Rule 12 motion were the plaintiff was discharged over a year after her initial complaint about favoritism given other employees.

For the above reasons, the Plaintiff Bennett respectfully requests that Defendants' motion to dismiss the retaliation claim be denied.

    Respectfully submitted,

    DAVID BENNETT,
    by his attorney

    /s/ Michael J. Michaeles
    Michael J. Michaeles, Esquire
    390 Main Street, Suite 1000
    Worcester, MA 01608
    Phone: (508) 791-8181
    BBO#: 344880
    Date: November 24, 2004