UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID BENNETT,

      Plaintiff,

v.

SAINT-GOBAIN CORPORATION,
JOHN R. MESHER, AND TIMOTHY L.
FEAGANS,

      Defendants.

CIVIL ACTION

NO. 04-CV-40014-FDS

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW ON PLAINTIFF'S RETALIATION CLAIMS

Defendants Saint-Gobain Corporation ("Saint-Gobain" or "the Company"), John R. Mesher ("Mesher") and Timothy L. Feagans ("Feagans") (collectively "Defendants"), by and through their undersigned counsel, hereby submit this supplemental memorandum of law in further support of Defendants' Motion to Dismiss.

### SUPPLEMENTAL ARGUMENT

On January 7, 2005, the Court held oral argument on Defendants' Motion to Dismiss. With respect to Counts II, IV, IX, XI, XIV and XVI, Defendants argued that these retaliation claims under state and federal law be dismissed for failure to plead facts necessary to establish a *prima facie* case. Specifically, Defendants argued that Plaintiff did not plead facts sufficient to establish a causal connection between his protected action and his termination, which occurred 17 month later. This Court inquired as to whether any of the cases upon which Defendants relied were decided in the same procedural posture – a motion to dismiss under Fed.R.Civ.P. 12(b)(6), as opposed to a decision at a later stage of the proceedings.

At that time, Defendants referred this Court to <u>Chandamuri v. Georgetown University</u>, 274 F. Supp. 2d 71 (D.D.C. 2003), cited by Defendants in their initial supporting Memorandum of Law at pp. 6-7.  The court there dismissed the retaliation claim at the pleadings stage for failure to state a claim.

Defendants have identified additional persuasive authority in which courts have granted motions under Fed.R.Civ.P. 12(b)(6) for failure to alleged facts to support a causal connection between the plaintiff's protected activity and the adverse employment action.

In <u>Harrison v. New York City Admin. for Children's Servs.</u>, Civ. A. No. 02 Civ. 0947 (RCC)(RLE), 2003 U.S. Dist. LEXIS 11701, at * 15 (S.D.N.Y. July 7, 2003), the plaintiff alleged she was fired in retaliation for filing charges with the EEOC and the New York City Commission on Human Rights.  The Magistrate recommended that the court dismiss the retaliation cause of action because the plaintiff failed to meet the causality requirement necessary to state a retaliation claim.  <u>Id</u>.  All the plaintiff had alleged was that he was fired 19 months after filing his administrative charges of discrimination.  Those allegations were insufficient to meet the causality standard.  <u>Id</u>. (citing <u>Clark County School Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001), requiring a "very close" temporary proximity).  The district court then adopted the report of the Magistrate and granted defendant's motion to dismiss plaintiff's retaliation claim.  See <u>Harrison v. New York City Admin. for Children's Servs.</u>, Civ. A. No. 02 Civ. (RCC)(RLE), 2003 U.S. Dist. LEXIS 17393, at * 9 (S.D.N.Y. Sept. 20, 2003).

Likewise, in <u>Garone v. United Parcel Serv., Inc.</u>, Civ. A. No. 00-CV-6722 (ILG), 2001 U.S. Dist. LEXIS 12175, at * 10 (E.D.N.Y. July 12, 2001), the court also granted an individual defendant's motion to dismiss, under Fed.R.Civ.P. 12(b)(6), the plaintiff's claims of retaliation under Title VII and state law for failure to state a *prima facie* case.  The <u>Garone</u> court

-3-

held that the plaintiff failed to plead sufficient facts to establish a causal connection between the protected activity and the adverse employment action.  Id.  Indeed, that court ruled that the temporal proximity between plaintiff's complaint and defendant's action - three months - did not satisfy the causation prong.  Id.

In Johnson v. The Injured Workers' Ins. Fund, Civ. No. HAR 92-1702, 1992 U.S. Dist. LEXIS 15508 (D. Md. Oct. 5, 1992), *aff'd sub nom.* Johnson v. State of Maryland, Civ. A. No. 92-2289, 1993 U.S. App. LEXIS 24719 (4th Cir. Sept. 24, 1993) (unpublished opinion), the court also dismissed plaintiff's retaliation claim under Rule 12(b)(6) for failure to satisfy the third prong of the *prima facie* case.  The plaintiff was fired approximately three months after appealing an EEOC decision relating to his complaint of race and gender discrimination.  The Johnson court was "not persuaded that, on the basis of timing alone, it [was] more likely than not that 'but for' [plaintiff's] filing his appeal, [defendant] would not have" fired him.  Id. at * 14.

Here, as in Chandamuri, Harrison, Garone, and Johnson, Bennett's claims of retaliation should be dismissed under Fed. R. Civ. P. 12(b)(6).  It is Plaintiff's responsibility to allege the facts to support his claims in the case.  Federal pleading is liberal but requires a plaintiff to investigate his claims and file a complaint only for claims which may be brought in good faith, warranted by existing law.  See Fed. R. Civ. P. 11(b).  Facts which might support a retaliation claim here, such as an on-going pattern of retaliation, are within the Plaintiff's knowledge.  If they occurred, Bennett would have alleged them.  Discovery should not be permitted as a fishing expedition to analyze potential claims for which there is no factual support at the inception of the case.

Because Plaintiff has failed to allege facts to meet the causality standard set forth in <u>Sullivan v. Raytheon Disability Trust</u>, 262 F.3d 41, 48 (1st Cir. 2001), Counts II, IV, IX, XI, XIV and XVI should be dismissed.

**CONCLUSION**

For the reasons stated above, those stated in Defendants' opening and reply briefs in support of their motion to dismiss and at oral argument, Defendants respectfully request that this Court dismiss Counts II, IV-IX, XI-XIV and XVI-XVII of Plaintiff's Complaint with prejudice.

Respectfully submitted,

SAINT-GOBAIN CORPORATION, JOHN R. MESHER, and TIMOTHY L. FEAGANS,
By their attorneys,

| | |
|---|---|
| Hope A. Comisky | /s/ Jill Brenner Meixel |
| Amy G. McAndrew | James B. Conroy (BBO# 096315) |
| PEPPER HAMILTON, LLP | Jill Brenner Meixel (BBO# 652501) |
| 3000 Two Logan Square | Donnelly, Conroy & Gelhaar, LLP |
| 18th and Arch Streets | One Beacon Street |
| Philadelphia, PA 19103 | 33rd Floor |
| *Admitted Pro Hac Vice* | Boston, Massachusetts 02108 |
| | 617-720-2880 |

Dated: January 11, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party (by mail) and fax /by hand

Date: 1/11/05 /s/ JBM