UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                   CENTRAL SECTION
                                                 CIVIL ACTION NO.:  04-40014-FDS

| | |
|---|---|
| DAVID BENNETT ) | |
|  - Plaintiff ) | |
| ) | PLAINTIFF BENNETT'S |
| vs. ) | SUPPLEMENTAL |
| ) | MEMORANDUM OF LAW |
| SAINT-GOBAIN CORPORATION, ) | SUPPORTING BREACH OF |
| JOHN R. MESHER, and ) | CONTRACT AND UNLAWFUL |
| TIMOTHY L. FEAGANS ) | INTERFERENCE CLAIMS |
|  - Defendants ) | |

Defendants' motion to dismiss was argued before the court on January 7. The Plaintiff Bennett supplements his written opposition to the motion to dismiss and oral argument as follows:

**BREACH OF CONTRACT**

As stated in the Plaintiff Bennett's opposition, page 9, Massachusetts has adopted the Restatement (Second) Contracts, § 224, which provides that an offer for a certain period of time cannot be withdrawn prior to the expiration of that time period, nor may the offeror prevent acceptance by denying the means of acceptance if it controls those means.  <u>Thomas v. Massachusetts Bay Transp. Authority</u>, 39 Mass.App.Ct. 537, 545 (1995), cert. den. 422 Mass. 1104. Defendants prevented acceptance by terminating Bennett on an unsubstantiated charge of "writing poems" to a female employee.

The Defendant corporation gave Bennett and all members of its law department a written offer to accept an enhanced severance package, or accept a transfer to Pennsylvania.  Two weeks prior to the expiration of the offer, Bennett

1

verbally stated he was considering accepting it.  Two weeks later, he was terminated for allegedly writing poems to a female employee.

Bennett was summarily discharged, given no opportunity to refute the charges or even to look at the purported poems.

Bennett denies writing those poems.

If Bennett can prove at trial that there was absolutely no basis to accuse him of those writings, and more particularly, that there were wrongful motives driving the company's decision, then his termination clearly was wrongful.

Again, the termination was tantamount to a withdrawal of the offer, and therefore in violation of the Restatement of Contracts.

Bennett had an absolute right to rely on his employer's representation that the offer would remain open for forty-five (45) days.  Had he known that the offer could be withdrawn at the company's whim, prior to the stated expiration, then he obviously would have accepted it immediately and there would be no litigation.

The consideration for the enforceability of the offer for specified time was reliance and forbearance that the offer would remain open for forty-five (45) days.  When a promise is enforceable in part by virtue of reliance, it is a "contract", and enforceable pursuant to traditional contract theory.  <u>Loranger Construction Corp. v. E.F. Hauserman Co.</u>, 376 Mass. 757, 760-761 (1978).

The offer for enhanced severance package therefore is enforceable under Bennett's contract claim, and if not the contract claim, on his claims for promissory estoppel or implied contract as stated in his original opposition.

Moreover, a motion to dismiss is not appropriate, to determine whether an offer has been accepted or revoked, it is a question of fact for the fact finder.

Unisys Finance Corp. v. Allan R. Hackel Org., 42 Mass.App.Ct. 275, 282 (1997), cert. den. 424 Mass. 1109; Ivas v. Reardon, 265 Mass. 367, 370 (1928); and Davey v. Acklie Group, 2004 WL 856636 (Mass.Super. 2004).

See also Correia v. DeSimone, 34 Mass.App.Ct. 601, 614 (1993) holding that a settlement agreement with two options, verbally reported to the court was enforceable; and Hubbard v. Peairs, 24 Mass.App.Ct. 372 (1987) holding that a settlement agreement reported to probate court was enforceable.

### UNLAWFUL INTERFERENCE WITH CONTRACTUAL RELATIONS

To prove unlawful interference with contractual relations, the Plaintiff Bennett must prove 1) the existence of an employment contract; 2) that defendant knowingly induced the employer to terminate the employment; 3) that the defendants interference was intentional or improper; and 4) that the plaintiff was damaged.  Draghetti v. Chmielewski, 416 Mass. 808, 816 (1994).  Claims of unlawful interference with contractual relations are appropriately lodged against supervisors in discrimination cases.

> ". . . the Supreme Judicial Court has held that the elements underlying a claim for unlawful discrimination may be used to demonstrate malice in the context of a tortious interference claim.  (Citations omitted).  We think it follows logically that the elements underlying a claim for unlawful retaliation may be used to show malice when a tortious interference claim is brought against a supervisor in a loss of employment case." Zimmerman v. Direct Federal Credit Union, 262 F.3d 70, 77 (1st Cir. 2001).

### CONCLUSION

The Plaintiff Bennett respectfully requests that for the above reasons and those stated previously, Defendants' motion to dismiss be denied.

Respectfully submitted,
DAVID BENNETT,
By his attorney,


/s/ Michael J. Michaeles
Michael J. Michaeles, Esquire
390 Main Street, Suite 1000
Worcester, MA 01608
Phone:  (508) 791-8181
BBO#:  344880
Dated:  January 14, 2005