IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID BENNETT,                                    :
                                                  :
                    Plaintiff,                    :
                                                  :        CIVIL ACTION
          v.                                      :
                                                  :        NO.  04-CV-40014-FDS
SAINT-GOBAIN CORPORATION,                         :
JOHN R. MESHER, AND TIMOTHY L.                    :
FEAGANS,                                          :
                                                  :
                    Defendants.                   :

## ANSWER OF DEFENDANTS SAINT-GOBAIN CORPORATION, JOHN R. MESHER AND TIMOTHY L. FEAGANS TO PLAINTIFF'S COMPLAINT

Defendants, Saint-Gobain Corporation ("Saint-Gobain"), John R. Mesher ("Mesher") and Timothy L. Feagans ("Feagans") (collectively "Defendants"), by and through their undersigned counsel, answer the Complaint of plaintiff David Bennett ("Plaintiff" or "Bennett") as follows:

1.    Admitted, upon information and belief.

2.    Admitted.

3.    Denied.  It is further averred that Feagans is Deputy General Counsel for defendant Saint-Gobain and that his duties include managing the general law and intellectual property law functions in the Worcester, Massachusetts office of Saint-Gobain's Law Department.

4.    Admitted.

5.    Denied, except that Defendants admit that defendant Saint-Gobain employed Plaintiff, that his title at one time was Senior Patent Attorney and that Saint-Gobain terminated Plaintiff's employment on or about October 31, 2002.

6.     Denied, except that Defendants admit only that Plaintiff has represented his date of birth to be August 29, 1938 and that Plaintiff therefore would have been 64 years old and the oldest intellectual property attorney in Saint-Gobain's Law Department at the time of the termination of his employment.

7.     Admitted.

8.     Denied, except that Defendants admit only that on or about June 6, 2001, Plaintiff and some other Worcester-based intellectual property lawyers made an internal complaint regarding Feagans' management of the intellectual property law group in Worcester, which included allegations that Feagans treated older members of the group differently than he treated younger members of the group.

9.     Denied.

10.     Denied, except that Defendants admit only that, by letter dated September 23, 2002, sent via hand delivery, Mesher informed all of the Worcester-based members of the Law Department, including Plaintiff and defendant Feagans, that he had decided to close the Worcester office of Saint-Gobain's Law Department in 2003 and consolidate it with the rest of the Law Department in Valley Forge.  The September 23, 2002 letter and accompanying documents are writings which speak for themselves, and any characterization of those documents is denied.

11.     Denied, except that Defendants admit that, the severance offer had been withdrawn on October 4, 2002, and approximately three weeks later Plaintiff sent defendant Mesher an e-mail (dated October 25, 2002) regarding the severance offer.

12.     Denied, except that Defendants admit that, on or about October 31, 2002, at or about 1:00 p.m., Robert Wilk ("Wilk"), at the time Saint-Gobain's Director, Business

Practices and Compliance Programs, Joseph Johnson ("Johnson"), an outside security consultant, and Cathy Ferrante ("Ferrante"), Saint-Gobain's Director of Administrative and Human Resources Services, met privately with Plaintiff, during which conversation Wilk and Johnson advised Plaintiff that, as the result of an investigation, Saint-Gobain believed that Plaintiff had sent poems to a female employee. It is specifically denied that Feagans invited Plaintiff into the conference room, or played any role in the October 31, 2002 meeting. It is further averred that the severance offer had been withdrawn on October 4, 2002.

13. Denied, except that Defendants admit only that Wilk and Johnson asked Plaintiff for permission, although not necessary, to search his office and desk, to which Plaintiff agreed. It is further averred that defendant Feagans was not present for any portion of the October 31, 2002 meeting with Plaintiff.

14. Denied, except that Defendants admit only that Wilk and Johnson told Plaintiff that Saint-Gobain had retained a forensic document expert and that the expert had concluded that Plaintiff's handwriting matched the handwriting on the envelopes delivered to the female employee. It is further averred that defendant Feagans was not present for any portion of the October 31, 2002 meeting with Plaintiff.

15. Denied, except that Defendants admit that defendant Mesher and Ferrante met privately with Plaintiff on the afternoon of October 31, 2002, during which meeting Plaintiff's employment with Saint-Gobain was terminated. It is further averred that, during that meeting, defendant Mesher emphasized the seriousness of Plaintiff's actions by pointing out that the Commonwealth of Massachusetts provides criminal penalties for the type of activity of which Plaintiff was being accused (see Chapter 265, Section 43A. Criminal Harassment; Punishment, of the General Laws of Massachusetts).

16.    Denied.

17.    Denied.

18.    Denied as a matter of fact and a conclusion of law.

19.    Denied.  It is further averred that Saint-Gobain hired Joseph Sullivan ("Sullivan") to replace Plaintiff.  It is further averred that, at the time of his hiring, Sullivan was 45 years of age.

20.    Denied.  To the contrary, it is averred that Plaintiff was told of the reasons for his termination at the October 31, 2002 meeting.  It is further averred that Plaintiff's "Employee Change Notice," dated November 7, 2002, confirmed the reasons for his termination: "Gross misconduct, including (i) a pattern of harassment of a female employee through anonymous, unwanted written communications, using interoffice mail and other means of delivery, which has caused the employee to be alarmed and distressed, (ii) gross insubordination (e.g., a poem highly critical of his immediate and ultimate supervisors), and (iii) a pattern of rude and unprofessional behavior directed at the General Counsel's office and other members of the Delegation staff."

21.    Denied as a matter of fact and a conclusion of law.

22.    Denied, except that Defendants admit only that, on or about November 1, 2002, Saint-Gobain and another attorney entered into a severance agreement.

23.    Denied as a matter of fact and a conclusion of law.

24.    Denied that Defendants are responsible for any loss Plaintiff may have suffered.

25.    Admitted.

26.    Admitted

27.     [Proposed]  Pursuant to Court Order dated December 11, 2004, this paragraph was not allowed.

28.     The allegations of this paragraph state a conclusion of law to which no response is required and the same are, therefore, denied.

### COUNT I

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

### COUNT II

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

### COUNT III

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

### COUNT IV

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

## COUNT V

This claim was dismissed by Court Order dated February 1, 2005.

## COUNT VI

This claim was dismissed by Court Order dated February 1, 2005.

## COUNT VII

This claim was dismissed by Court Order dated February 1, 2005.

## COUNT VIII

This claim was dismissed by Court Order dated February 1, 2005.

## COUNT IX

This claim was dismissed by Court Order dated February 1, 2005.

## COUNT X

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

## COUNT XI

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

## COUNT XII

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

### COUNT XIII

This claim was dismissed by Court Order dated February 1, 2005.

### COUNT XIV

This claim was dismissed by Court Order dated February 1, 2005.

### COUNT XV

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

### COUNT XVI

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

### COUNT XVII

The allegations of this unnumbered paragraph are denied as a conclusion of law.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every count therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's employment was terminated for legitimate business reasons unrelated to his age or his alleged protected activity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because he failed to exhaust applicable administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Any interference with any contract was privileged.

## SIXTH AFFIRMATIVE DEFENSE

At no time did Defendants or any of them act with improper motive or means.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or limited by plaintiff's failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief sought.

WHEREFORE, Defendants requests that judgment be entered in their favor and against Plaintiff and that Defendants be awarded costs, attorneys' fees, and such further relief as the Court may deem appropriate.

Respectfully submitted,

SAINT-GOBAIN CORPORATION, JOHN R. MESHER, and TIMOTHY L. FEAGANS,

James Conroy (BBO# 096315)
Jill Brenner Meixel (BBO# 652501)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street
33rd Floor
Boston, Massachusetts 02108
617-720-2880

Hope A. Comisky
Amy G. McAndrew
PEPPER HAMILTON, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
*Admitted Pro Hac Vice*

Dated: February 11, 2005