UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                CENTRAL SECTION
                                              CIVIL ACTION NO.: 04-40014-NMG

DAVID BENNETT                    )   PLAINTIFF
- Plaintiff                      )   BENNETT'S RESPONSE
                                 )   TO DEFENDANTS'
vs.                              )   STATEMENT OF UNDISPUTED
                                 )   FACTS IN CONNECTION
SAINT-GOBAIN CORPORATION,        )   WITH THEIR MOTION FOR
JOHN R. MESHER, and              )   SUMMARY JUDGMENT
TIMOTHY L. FEAGANS               )
- Defendants                     )

   The Plaintiff Bennett responds to Defendants' statement of undisputed material facts as follows:

   1-5.     Admits.

   6-7.     Denies, as Bennett is without sufficient knowledge to admit or deny.

   8-10.    Admits the allegations, but states they are incomplete. See Bennett's complete age discrimination complaint against Feagans attached as Exhibit 34 to Exhibit B of Meixel Declaration.

   11.      Admits.

   12.      Denies that there was a preliminary investigation by Dennis Baker and further states that although Baker stated he made inquiries among the people who were involved, Bennett checked with the people who were involved and none of them, other than Mesher or Feagans, had any conversation with Baker (Michaeles' Aff., Exh. 7, p.77). Baker also in his own handwriting dated 6/8/01 made a note that he was not investigating Feagans (Michaeles' Aff., Exh. 2, Mesher Exh. 18).

   13.      Admits to the confidential memorandum dated August 3, 2001, but denies that the allegations were unfounded.

   14-15.   Admits.

1

16. Denies as stated in his complaint, Bennett and others felt that Feagans created a hostile work environment (Exhibit 34 to Exhibit B of Meixel Declaration.)

17. Admits that Mesher recommended him for stock options, but further states that those options were withdrawn as a result of his wrongful termination.

18-20. Denies, as Bennett is without sufficient knowledge to admit or deny.

21-25. Denies, as Bennett is without sufficient knowledge to admit or deny.

26. Admits ¶26, except the portion stating that Mesher made the decision alone.

27. Denies.

28. Admits.

29. Denies, as Bennett is without sufficient knowledge to admit or deny.

30. Denies, as Bennett does not have sufficient knowledge to admit or deny, except that admits Mesher withdrew the offer and that the group remains in Worcester.

31. Denies.

32-39. Denies, as Bennett is without sufficient knowledge to either admit or deny.

40. Admits that Wilk at his deposition stated that he met with JJ Berrie on or about October 16, 2002 giving her Xerox, but not original documents, to analyze.

41. Admits that Berrie's report states highly probable, but denies that conclusion.

42. Admits that he met with Johnson and Wilk on October 31, 2002 but denies the remaining allegations of ¶42.

43. Admits that report dated October 31 so states, but denies that he wrote poems to Henchey.

44-47. Denies, as Bennett is without sufficient knowledge to admit or deny, although he does admit authoring a writing referring to Mesher and his supervisors.

48. Denies.

50. Denies the allegations, except that he admits to statements made in his answer to interrogatory #1.

51. Denies and states that the emails speak for themselves.

52. Denies.

53. Denies, as he is without knowledge to admit or deny.

54. Denies, as Bennett is without knowledge except that the evidence shows that Feagans participated and was involved in the decision to terminate Bennett.

55-56. Denies, as Bennett is without knowledge. The allegations occurred after his termination.

Respectfully submitted,
DAVID BENNETT, by his attorney

Michael J. Michaeles, Esquire
390 Main Street, Suite 1000
Worcester, MA 01608
Phone: (508) 791-8181
BBO#: 344880

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail.

Dated: 11/23/05

3