# Pepper Hamilton LLP
###### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Hope A. Comisky
direct dial: 215-981-4847
comiskyh@pepperlaw.com

March 2, 2006

*<u>Via Electronic Filing</u>*
Martin Cassels, Courtroom Deputy
The Honorable F. Dennis Saylor IV
U.S. District Court for the District of Massachusetts
Harold Donahue Federal Bldg. and Courthouse
595 Main Street, Suite 502
Worcester, MA 01608

       Re:   <u>Bennett v. Saint-Gobain Corporation, et al.
Civil Action No. 04-CV-40014-FDS</u>

Dear Mr. Cassels:

      On behalf of Defendants, Saint-Gobain Corporation ("Saint-Gobain" or "Company"), John Mesher ("Mesher") and Timothy Feagans ("Feagans") (collectively "Defendants"), I am writing to respond to the February 28, 2006 letter submitted by Plaintiff David Bennett ("Plaintiff" or "Bennett"). Please refer this letter to Judge Saylor.

      Plaintiff does not fully state the holding of the First Circuit in <u>Noviello v. City of Boston</u>, 398 F.3d 76 (1st Cir. 2005). The <u>Noviello</u> Court held that statements on the record made by supervisors, which statements the plaintiff actually heard, were admissible as non-hearsay statements of the defendant's agents made within the scope of their employment under Fed. R. Evid. 801(d)(2)(D). <u>Id.</u> at 84-85. However, the <u>Noviello</u> Court also ruled that two other statements could not be considered. The first was a statement "from an unnamed coworker that other employees told him to 'stay away' from the plaintiff as she was 'trouble.'" <u>Id.</u> The second statement was an unsworn statement by a tow truck driver who said that a co-worker had been circulating a petition to have the plaintiff fired. The First Circuit ruled that each of these statements was inadmissible hearsay because its probative value depended on the truth of the declarant's own unsworn out-of-court utterance. <u>Id.</u>

      These latter two statements are akin to the statement here at issue. Plaintiff testified that he did not hear the alleged comment by Feagans upon which he relies. (Bennett Dep., at 73). His witnesses, Otto Lies and Volker Ulbrich, also testified that they did not hear it. (Ulbrich Dep., at 107-08; Lies Dep., at 62, 67-68.) There is some testimony that the comment was relayed to Bennett by a co-worker, Mary Porter. However, there is no sworn statement from Porter on this record.

GV: #333938 v3 (75_203!.DOC)

**Pepper Hamilton LLP**
———————Attorneys at Law
Martin Cassels, Courtroom Deputy
March 2, 2006
Page 2

      This Court's decision in Iorio v. Aramark Servicemaster, Civ. A. No. 03-40147-FDS, 2005 U.S. Dist. LEXIS 40290 (D. Mass. Sept. 30, 2005), refusing to admit a similar out-of-court statement, is directly on point. There, the plaintiff sought to rely upon a statement allegedly made by a supervisor and relayed to the plaintiff by an unidentified co-worker. Id. at *29-*30. In rejecting the argument that the statement was admissible pursuant to Rule 801(d)(2)(D), this Court noted that a party seeking to introduce such a statement must establish that the statement relates to matters within the scope of the declarant's agency or employment. Id. at *30. To meet this requirement in the context of an employment discrimination case involving allegations of unlawful termination, "courts have routinely held that the declarant must be among the persons who participated in, or influenced, the termination decision for his or her statements about the decision to qualify as having been made within the scope of employment." Id. at *31. This Court then held that there was no evidence that the individual who relayed the statement to the plaintiff had any "responsibility to terminate, hire, or reassign personnel" in plaintiff's department. Id. at *33. Therefore, this Court ruled that the statement could not qualify as an employee admission under Rule 801(d)(2)(D).[1]

      In the present case, the evidence establishes that defendant Mesher made the decision to terminate Bennett, after consultation with the Human Resources representative, Cathy Ferrante. He also made the decision to outsource the trademark function (leading to the elimination of the position held by Lies) and to approve Ulbrich's request for a separation package. There is absolutely no suggestion that Porter had any input into any of these decisions. As a result, the statement is not admissible under Rule 801(d)(2)(D) and cannot be considered by this Court in deciding Defendants' Motion for Summary Judgment.

      Sincerely yours,

      Hope A. Comisky

cc:    Michael J. Michaeles, Esquire (via Federal Express)

---

[1] See also, Halloway v. Milwaukee County, 180 F.3d 820, 825 (7th Cir. 1999) (court refused to consider as inadmissible hearsay statements made to the plaintiff by two other individuals that the plaintiff's supervisors wanted to "get rid of" him, because there was no evidence that the two other individuals "acted within the scope of [their] duties in conveying to [the plaintiff]" the alleged statements); Hill v. Spiegel, Inc., 708 F.2d 233, 236-37 (6th Cir. 1983) (because there was no evidence that the declarants had any involvement in the decision to discharge the plaintiff, the testimony by a witness that he was told by these declarants that the plaintiff had been discharged because of his age and income was inadmissible under Rule 801(d)(2)(D)).

GV: #333938 v3 (75_203!.DOC)