UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                          CENTRAL SECTION
                                                        CIVIL ACTION NO.: 04-40014-NMG

DAVID BENNETT
  - Plaintiff

vs.

SAINT-GOBAIN CORPORATION,
JOHN R. MESHER, and
TIMOTHY L. FEAGANS
  - Defendants

## PLAINTIFF BENNETT'S MOTION TO TOLL THE RUNNING OF THE 30 DAY APPEAL PERIOD

The Plaintiff Bennett hereby moves that the 30 day period within which he must appeal from the entry of summary judgment, be tolled for the following reasons:

By Memorandum and Order dated September 29, 2006, this Court granted Defendants' Motion for Summary Judgment. On October 6, Bennett filed a Motion to Reconsider Summary Judgment, with a Supplement to Motion filed on October 10, both well within the 10 day period which began to run from October 2.

A timely filed post judgment motion to reconsider is treated as a motion to alter or amend under Rule 59 (e), which stays the operation of the appeals clock until the court rules on the motion. Aybar v. Crispin-Reyes,

1

118 F.3d 10, 14 (1st Cir. 1997), cert. den. 522 U.S. 1078; see also Edward H. Bohlin Co. v. Banning Co., 6 F.2d 350 (5th Cir. 1993); and Feinstein v. Moses, 951 F.2d 16, 18 (1st Cir. 1991).

The substance of the post judgment motion, not nomenclature, determines whether appellate jurisdiction has attached under Rule 4 (a). In the context of Rule 59, the parties' label is not binding on the court. U.S. v. One Urban Lot, 82 F.2d 582, 584 (1st Cir. 1989). A motion to reconsider has the same effect of a motion to alter or amend under Rule 59 (e). See Morris v. Unum Life Ins. Co. of America, 430 F.3d 500, 502 (1st Cir. 2005).

"… Any motion seeking the reconsideration of the judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59 (e) if it seeks to change the order or judgment issued." Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 320, 323 (D. Puerto Rico 2005). Bennett's Motion for Reconsideration seeks to correct manifest errors of law and fact in the summary judgment order, and therefore tolls the running of the appeals clock. *Id*.

For the above reasons, it is respectfully requested that the running of the 30 day appeal period does not begin to run until this Court decides Plaintiff Bennett's Motion to Reconsider.

    DAVID BENNETT, by his attorney

    /S/Michael J. Michaeles

    _____

3

                Michael J. Michaeles, Esquire
                390 Main Street, Suite 1000
                Worcester, MA 01608
                Phone:  (508) 791-8181
                BBO#: 344880

DATED:  October 24, 2006