# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-40014-FDS |
| ) | |
| SAINT-GOBAIN CORPORATION, ) | |
| JOHN R. MESHER, and TIMOTHY L. ) | |
| FEAGANS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER
## ON PLAINTIFF'S MOTION FOR RECONSIDERATION

**SAYLOR, J.**

Plaintiff David Bennett moved on October 6, 2006, for reconsideration of this Court's Order dated September 29, 2006, granting summary judgment in favor of defendants. Plaintiff has submitted two additional affidavits, one from himself and one from Mary Porter, in support of that motion, as well as a supplemental filing.

To prevail on a motion for reconsideration under Fed. R. Civ. P. 59(e), the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *F.D.I.C. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992); *see also Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005); *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 165 n.9 (1st Cir. 2004); *Palmer v. Champion Mortgage*, 2006 WL 2789231 at *5 (1st Cir. Sept. 29, 2006).

As defendants correctly point out, the two new affidavits do not constitute newly-

discovered evidence. The information set forth in plaintiff's affidavit was withheld for apparent tactical reasons, and that set forth in Ms. Porter's affidavit was withheld (according to plaintiff) for fear of adverse employment consequences. Neither, however, contains information that was not known to the plaintiff at the time the summary judgment motion was filed.

As to the merits of defendants' arguments concerning a manifest error of law, the Court agrees with the general proposition that summary judgment in discrimination cases is often inappropriate where the issue turns on the intent of the employer. Nonetheless, in the specific context of this case, summary judgment is required. The essence of plaintiff's complaint is that his termination for allegedly harassing a co-worker was a pretext for age-based discrimination. As set forth in the Court's memorandum, however, plaintiff has not put forth evidence sufficient to establish that the decision-maker (Mesher) was motivated by discrimination and did not reasonably believe that the alleged harassment had occurred.

Accordingly, and for the foregoing reasons, plaintiff's Motion for Reconsideration of Summary Judgment Order is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 26, 2006